124 N.J. Super. 272 (1973)
306 A.2d 467
IN THE MATTER OF THE ADOPTION OF A CHILD BY E.M.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1973.
Decided June 19, 1973.
Before Judges FRITZ, LYNCH and TRAUTWEIN.
*273 Mr. S.M. Chris Franzblau argued the cause for appellant (Messrs. Beckerman, Franzblau & Cohen, attorneys).
Respondent natural mother argued the cause pro se.
PER CURIAM.
The question here is included in that reserved by a footnote in In re Adoption of Children by D., 61 N.J. 89, 94 (1972), to wit, whether a divorce on the grounds of desertion, standing alone and without any proof of the divorced parent having forsaken parental obligations, is a valid basis for considering additionally the best interests of the child toward the end of permanently terminating the rights of a natural parent.
In the instant matter the natural father obtained a divorce from the natural mother. He then remarried, as did she. The new wife of the natural father sought here to adopt a child born to her husband and his divorced wife. The natural mother objected. The court below found that the natural mother had neither abandoned the child nor forsaken her parental obligations, even though custody of the child was in the father. The trial judge considered himself bound by In re D. and denied the adoption.
We affirm.
The findings of fact with regard to the conduct of the natural mother relating to abandonment and the forsaking of parental obligations vel non are amply supported in the credible evidence in the whole record, and we will not disturb them.
We think the fact that an objecting natural parent has been divorced by the other parent, on grounds of desertion by the objecting parent of the plaintiff-spouse, does not diminish the thrust of the policy established in In re D., where it clearly appears that natural ties, still cherished, are entitled to substantial protection. The precise disapproval there of "expressions [that] may be found in some opinions which might be understood to suggest that the court's belief as to the best interests of the child was *274 of paramount importance without regard to whether parental obligations could be said to have been forsaken," is significant. 61 N.J. at 95.
We believe that the umbilical of natural parenthood is so sacred that only in the most exceptional cases will anything other than self-destruction by the natural parent sever it. We answer the question posed by the footnote, 61 N.J. at 94, insofar as it relates to a divorce for desertion, in the negative.
Affirmed.